UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

LYUBOV FAKTOROVICH,

                Plaintiff,

       v.

MEMORIAL SLOAN-KETTERING
CANCER CENTER,

                Defendant.

12 Civ. 4265

**OPINION**

---

    Lyubov Faktorovich brings this employment-discrimination action, under Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e-e17, against her former employer, Memorial Sloan-Kettering Cancer Center. She alleges that she was terminated due to her Belorussian national origin and that Sloan-Kettering employees are stalking her and causing unwanted messages to appear on her computer.

    Faktorovich applied to the court for the appointment of *pro bono* counsel. Sloan-Kettering moved to dismiss the complaint under Federal Rule of Civil Procedure 12(b)(6). Faktorovich's application is denied, and Sloan-Kettering's motion is granted.

## Background

    On June 28, 2010, Faktorovich accused Sloan-Kettering of discrimination in a charge filed with the Equal Employment Opportunity Commission

1

("EEOC").  She claimed that Sloan-Kettering discriminated against her on the basis of her religion and disability.  She alleged that she was Jewish and that Sloan-Kettering refused to give her time off for Jewish holidays.  She also alleged that after she filled out a confidential evaluation form, Sloan-Kettering accused her of suffering from mental disabilities and recommended that she undergo a psychiatric evaluation.  Finally, she alleged that she was denied a transfer, constructively discharged, and harassed by Sloan-Kettering employees even after her discharge.

On September 20, 2010, Faktorovich amended her EEOC charge, alleging that she complained to her manager about the alleged discrimination and told the manager that these actions constituted retaliation.  On March 9, 2012, the EEOC issued a right-to-sue letter.

Faktorovich initiated this action with a form complaint on May 29, 2012.  On July 18, 2012, that complaint was dismissed *sua sponte* under 28 U.S.C. § 1915(e)(2)(b).  Faktorovich filed an amended complaint on August 24, 2012.

## The Complaint

Faktorovich's complaint alleges Sloan-Kettering discriminated against her on the basis of her Belorussian national origin.  She alleges that when Dr. Steingart and Ms. Schwartzer (spelling unclear from handwritten complaint) saw the results of a survey that Faktorovich had taken, "they got very angry" and said, "How dare she doesn't speak proper English, and she had a nerve to rate supervisor so bad."  It is unclear who Steingart and Schwartzer are and

2

whether either was her supervisor. The complaint does not explain what the survey was or what Faktorovich wrote on the survey. Faktorovich alleges that she knew from Steingart's reaction and facial expression that he would put her "through hell."

She alleges that Steingart and Schwartzer knew that she would not be able to find an attorney to represent her. She states that Steingart had connections to important people and that many of his patients were attorneys. She alleges that a patient once called Steingart a tyrant.

Faktorovich alleges that two other Sloan-Kettering employees were fired for improper reasons. First, an African-American woman named Barbara was allegedly fired because a senior technician at Sloan-Kettering did not like her and accused her of not properly handling medical paperwork. Second, a woman named Michelle was allegedly fired because she came in late; but she was only fired after she allegedly complained about discrimination at Sloan-Kettering.

Faktorovich also alleges that, since she left Sloan-Kettering, her telephone and internet connections have been tapped, which is manifested as clicking sounds on her phone and a message on her computer to "please remove USB cable." She asserts that she has been stalked by Sloan-Kettering employees. But she alleges that these phenomena came to an end when she brought this action.

**Discussion**

To survive a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), a complaint must plead sufficient facts to state a claim for relief that is plausible on its face.  Ashcroft v. Iqbal, 556 U.S. 662, 677–78 (2009); Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007).  Where a plaintiff is proceeding *pro se*, the complaint is held to a less stringent standard, and the court must construe the plaintiff's pleadings liberally.  Erickson v. Pardus, 551 U.S. 89, 94 (2007).  In deciding a motion under Rule 12(b)(6), a court must accept as true the facts alleged in the complaint, drawing all reasonable inferences in the plaintiff's favor.  The court may consider documents attached to the complaint, incorporated by reference into the complaint, or known to and relied on by the plaintiff in bringing the suit.  ATSI Commc'ns, Inc. v. Shaar Fund, Ltd., 493 F.3d 87, 98 (2d Cir. 2007).

A motion under Rule 12(b)(6) should be granted where the plaintiff can prove no set of facts in support of his claim which would entitle him to relief. Goldman v. Belden, 754 F.2d 1059, 1065 (2d Cir. 1985).  It should also be granted where an affirmative defense or other reason barring relief is apparent from the face of the complaint.  Conopco, Inc. v. Roll Int'l, 231 F.3d 82, 86–87 (2d Cir. 2000).

Before a plaintiff may file suit under Title VII, he must first exhaust any administrative remedies.  In the employment-discrimination context, this requires a plaintiff to first file a charge with the EEOC or an equivalent state or

4

local agency and see that action through to its conclusion.  Holtz v. Rockefeller & Co., Inc., 258 F.3d 62, 82–83 (2d Cir. 2001).  Only then may the plaintiff file a lawsuit based on the same claims underlying the EEOC charge or claims that are reasonably related to the original claims.  Id.  A plaintiff may also bring an action for retaliation related to the filing of that EEOC charge or for other discriminatory acts carried out in "precisely the same manner" as those described in the charge.  Alfano v. Costello, 294 F.3d 365, 381 (2d Cir. 2002).

Here, Faktorovich has alleged national-origin discrimination and retaliation.  Her claim of national-origin discrimination is different than those identified in her EEOC charge, which were discrimination based on her religion and disability.  Although her civil complaint and her EEOC charge both allege "retaliation," the substance of her allegations is quite different.  In her EEOC charge, Faktorovich described the retaliation as arising from her complaint of religious discrimination to a supervisor.  But her civil complaint contains no such allegations.  Instead it focuses on her supervisor's comment that she spoke English poorly and her allegations of other sinister behavior by Sloan-Kettering.

Accordingly, Faktorovich has not exhausted her administrative remedies with respect to the conduct alleged in this case.  Therefore the complaint is dismissed.

Likewise, Faktorovich's application for the appointment of *pro bono* counsel is denied.  It is a prerequisite to the appointment of *pro bono* counsel that the

plaintiff's position is likely to be of substance. Hodge v. Police Officers, 802 F.2d 58, 60 (2d Cir. 1986). Thus, it must appear from the pleadings that the claim asserted may have merit or that the plaintiff has some chance of success. Stewart v. McMickens, 677 F. Supp. 226, 228 (S.D.N.Y. 1988).

Here, because the complaint is dismissed for failure to exhaust administrative remedies, this threshold requirement cannot be met. Faktorovich's application for appointment of *pro bono* counsel is denied.

## Conclusion

Sloan-Kettering's motion to dismiss is granted. Faktorovich's application for the appointment of *pro bono* counsel is denied.

This opinion resolves the motions listed as document numbers 5 and 14 in case number 12 Civ. 4265.

So ordered.

Dated: New York, New York
       September 20, 2013

                                    Thomas P. Griesa
                                    United States District Judge

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 9/20/2013